Haywood,
 
 Judge.
 

 -It is very true as has been argued, that there is no necessity on the present occasion,.to enquire into the defendant’s title j lor if the plaintiff be not entitled to the pos* session, there must be judgment for the defendant; yet for the satisfaction oí the parties and the hv-standers, I will make some remalles. also upon the defendant’s title, and consider this case in three different points of view. Fust — supposing John. Swann had died, not leaving a son : Secondly — supposing the son had died, not leaving
 
 &.
 
 mother; Thirdly — -what obstacle the mother can oppose to the descent on the sister of the half blood on the mother’s side.
 

 First, then, had John &wan died, leaving the defendant his half sister on the mother’s side, and no child, the case would have been under the government of 1 "84, ch. 22, sec. 3, “If ueitj person-dying hiicsuue, sciard or possessed of any estate
 
 *116
 
 44 or inheritance in land or other real éstate in fee simple, and 44 without issue, such estate or inheritance shall descend to his 44 or her brothers or sisters, as weli those of half blood as those of 44 whole blood, to be divided amongst them equally, share and 44 share alike as tenants in common,”
 
 he.
 

 Secondly — Had the son died, leaving no mother alive, but the defendant, the half sister of his father by the mother’* side, and without a child, the half sister in that case would have been entitled under 1784, ch. 22, sec. 4: 44 The same rules of descent 44 shall be observed when the collaterals are further removed, 44 than the children of brothers and sisters.” — What rules of dt =. scent ? Why that the half blood shall take equally with the whole blood under the restrictions mentioned in the proviso of the-third clause, 44 Provided always, that when the estate shall 44 have descended on the part of the father, and the issue to whom 44 such inheritance shall have descended, shall die without bsue, 44 male or female, but having brothers and sisters ol the pater-44 nal side of the half blood, and brothers or sisters of the ma-44 tem&l line also of the half blood, such brothers and sisters re-44 speclively of the paternal line, shall inherit in the same manner-44 as brothers and sisters of the whole blood, until such paternal
 
 11
 
 t*ne is exhausted of the half blood j and the same rule of de-44 scent and inheritance shall prevail amongst the halt blood of 44 the maternal line under similar circumstances to the exclusion 44 of the paternal line,” &c. The half blood on the mother’s side is excluded no longer than there is some of the whole or hair blood on the father’s side, and by the letter of the act, no longer than there is half blood on the father’s side. If therefore, there is neither whole nor half blood on the father’s side4 the half blood on the mother’s side will take in the same manner as if there were no half blood on the lather’s side. Here the collaterals are further removed than to brother’s and sister’s children and the half blood; namely, the aunt of the half blood on the mother’s side will succeed in the same manner as brothers and sisters, and their children succeed to a deceased brother— that, is to say, the half blood equally with the whole blood, and the half blood alone where there is none of the whole blood. — - And as the defendant in this view of the case would have been entitled had there been no mother; the third question is, can
 
 iha
 
 mother oppose any obstacle to the descent on the half sister of the father? For if she cannot, the half sister remains entitled. This question must be decided on the act of 1784, ch, 22, sec. 7, and the amending clause in the act 2d, 1784, ch. 10, sec. 3 ; the first of them in these words
 
 %
 
 “ Whereas by the law of descents ts as it now stands, when any person seized of a real estate in fee 44 simple, dies intestate without issue, and not having any bro-tiler or sister, such estate descends to some collateral relation, 44 r.utwiíhstaod:¡ng that the intestate iruy have- parents living j a
 
 *117
 
 '■E doctrine grounded «pon a maxim oí law, rot fotmcie d m >v-«-’6 son, and af.íea iniquitous in sta consequences i JBe it
 
 Vh-calotti
 
 “ enacted, tbrt. in c-se of «37 f«*r30n dying intestate, pOb-iro>?4 46 oí an es*ate of inheritance without leming 3ny issue, and nos u having any brothel- or sister, or the lawful issue of such who 45 shall survive, the estate of such intestate shall be vested in fea 44 simple in his or her parent
 
 from whom the «ame
 
 t
 
 vas derived $
 
 44 or it such estate v:as
 
 actually purchased
 
 or
 
 otkervuise acquired
 
 44 by such intestate, then the same shall be vested in the lather
 
 u vi
 
 such intestate if living 5 but if dead, then in the mother of M such iates ate aad her heirs; and if the mother oí the intestate should be dead, then in the heirs of such on the part of the ik= M ther; and far want of heirs on the part of the father, then to “ the heirs of the iniest;«,<e on the part of the mother. — The lat-M ter act is in these words; And whereas by the seventh section 116 of the said act, real estates actually purchased or otherwise cs acquired, are to descend to the father if living; but if dead,
 
 a
 
 csten to the mother of such intestate and her hcjrs, by which. 44 the descent may be altered by the accident of death ; and the 44 paternal line which is favored in ail other instances,
 
 may
 
 he 84 deprived of the inheritance by such accident; Be it enacted, that fi' in case of the death of any person intestate, leaving any s-e.-J. estate 56 actually purchased or otherwise acquired, and not having any
 
 u
 
 heirs of his body nor any brother or sister, or the lawful issue
 
 u
 
 of such, then such esiase shall be vested ira the father of such “ intestate if living; but if dead, then ira the another for life ; and 66 after the death of the uiotL.-r, then in the htirs of such totes-M Ute on the part of the father 5 and for want of heirs on the 61 ptrt of the father, the» in the htirs of the intestate mi the part 68 the mother forever,” These, if any, are the clauses which support tbs claim of the mother. She was Hot entitled as the law stood before these acts; and if she be n«t entitled under them, herd i!m is unfounded; and the caséis then just the ...v.r> • as if the child had not left a mother ; in which ease the father's sister of the half blood on the mother's side succeeds.-”1 Hjw the preamble to the seventh section of the first act states the old rule ev.dading parents in favor of collaterals to be
 
 often
 
 not
 
 always
 
 iniquitous io its ccnsccuencvs, from whence it is to be inferrf.4 shat it was not the intention of the legislature to make the parents capable of succeeding £0 their children in all cases of a child’s dying without child; ea and without brothers and sis» tors, but ia some cases ©raiy. These cases the act goes on to describe.
 

 The first of them is where the child has
 
 derived
 
 his estate from the parent., that parent shall succeed. This necessarily means a derivation from the parent by some deed executed; it cr hijos mean a derivation bv descent or devise ; for in either of Catte,-.. the jwn.oi must be ú«d. 'a-N’rt the ssS'iK vw-rt 'at
 
 *118
 
 she .child whereas the act supposes the parent'will be alive at the death of the child. In the case before us, the lands came by descent to the child from the father.
 

 The second of them is where the child actually purchased the estate} and that is not the case before us.
 

 . The third of them is where the child otherwise acquired the-estate.
 

 These words cannot Include
 
 tha
 
 two
 
 former
 
 cases, for then the specifying the twe former were useless. It is intended to express some case different from these. They do not mean to comprehend the case where lands have descended from- a parent toa child, because the fth clause of the first act speaks of such an acquisition as either parent may possibly be dive to, take, “ it shall go to the lather if living,' and his heirs; but if dead, so the mother and her heirs;” tantamount to saying, if both parents be alive, tire father shall take ; but if the father be deac^ she mother shall take. How then will .this idea comport with she other of the estate having come from a parent by descent if Suppose the estate descended from the father, he must necessarily be dead, though the act contemplates a case where he may possibly be living. Suppose the estate descended from the mother ; then if the father be dead, she must be so also, and yet the act supposes she may be alive to take. The words “■ otherwise acquired” probably do not mean to include an acquisition by descent, because the third clause of the latter act says, if the- father be alive, he is to succeed and his heirs after him : so that if the act means, to comprehend the case of a descent, then an estate descended to the child from the mother, will be included.. Then suppose the child die ; the father’s family inherits-. Suppose-the estate -descended from the father, his family also inherits, JeaVing.no chance for the -mother’s family in any event to succeed either to ah estate coming from the father or from the mother, but making the father’s family in every event to succeed-to the mother’s estate. No reason can be assigned for any such intention. Again: under the third clause of the latter act, if both father and mother be dead, or when the mother shall die, the father being not alive at the death of the child,'the estate is directed to go to the heirs on the part of the father ; and for want of heirs on the part of the-father, to the heirs on the pan of the soother. This supposing it to mean the case of a descent, and that of a descent from the mother as well as a- descent from the father, contradicts the spirit-and letter of the proviso contained in the 3d and 4th clauses of the first act; for by them the rule • of descent amongst collaterals further removed than the children o'f brothers and sisters- — that is to say, amongst uncles and aunts shall be the same as cha rules prescribed for descents amongst brothers and sisters ; that is'to say, brothers and sisters on th<-modieiV side oí dte whole and half blood, shall exclude ill ose ci
 
 *119
 
 tbs half blo^d on the father’s side ; yet according t.o what is contended for, if lands descend from the mother to the son, and She son die without children and without brothers and sisters,, and the father be dead, the heirs on the part of the father, namely,, uncles and aunts on the father’s side, shall exclude uncles and. a«mts on the mother’s side, which in the case of a descent from* the mother, is expressly negatived by these clauses. The words of which are, “ And the same rule of descent shall prevail “ amongst the half blood of the maternal line under similar cir-
 
 u
 
 cusnstances to the exclusion of the paternal line ; and the same 41 rules of descent shall be observed in collaterals where 16 the collaterals shall be further removed than the chil— “ dren of brothers and sisters.” By these clauses, the uncles and aunts on the father’s side, can at best shaie only «pial parts of the estate with the uncles and aunts on the mothers side : yet by the construction contended for, and allowing the words otherwise acquired,” to mean an acquisition by descent
 
 hum
 
 the mother, the uncles and aunts on the father’s side will in the ease above supposed, exclude the uncles and aunts, on the mother’s side entirety. For the words of the third clause ol the second act are, 44 After the death of the mother, then in the.
 
 66
 
 heirs of such intestate on the part of the lather 5 and for wan£ tC of heirs on the part of the father, then in the heirs of the in- “ testate on the part of the mother.” Again : the third clause of the latter act contemplates such an acquisition as leaves it to accident whether the father shall be living or dead at the time of the child’s death $ and supposes that such accident may carry the estate to the mother, saying, “ By which the descent may be 54 altered by the accident of death and the paternal line deprived. 44 of the inheritance by such accident.” Then, it cannot he meant
 
 of
 
 an estate which had descended from the father, for he being-dead, it could not be in the power of accident to effect what the act complains oí t and if not meant of such an estate, neither is it meant of an estate descended -from the mother, for it supposes her also to be alive ; it being now to go 11 to her if the Í tber be dead, for life.” — -Moreover, the act meant to prevent a deftexioo of the heritable line by the accident of one person dying before another, and to provide that if the father be dead and the. mother alive, that acudeni shall not change the heritable line. Simpóse then the child die before the mother, and the words
 
 othervme acquired
 
 be intended of an estate descending, the father is entitled to be tsuant by the curtesy, and the inheritance goes to the heirs on the'put of the mother •, but if by accident the child die after, the mother, it goes to the father snd his heirs. If by accident the father dies before the mother, and then she. dies, her estate will goto her son j and upon his death, without children or brothers, to her relations. But if the die before she father,.and the lands descend to her son, who
 
 *120
 
 dies without dr'idren or brother, then the estate will go to the fathet’s relations.
 

 By such a contraction, when we a^oicl one mischief we fall into a greater. We avoid the operation of the accident as to the father, but establish such accidents and give them efficacy against the relations of the mother. In the tase of a descent horn the father, if there be no child, the widow is entitled to one third; and the father’s relations to the residue s what reason then to give her the whole, when by the death of the child che stands its ibes me situation as if there had been no child origin alb ? In the case oí a descent from the mothci, if the child die before her, the father is entitled to the v. hole for life: what reason then to give him the inheritance, v. ben by the death of the child after his mother, Lis situation is peciseiv the same? Alt these considerations prove :be woids
 
 "■
 
 otherwise acqn'red5* not to be intended of a descent from either parent 5 a; d then they must mean «va estate acquired by gift, devise or descent from some person other than a parent. If it be objected that the third clause has iu view the t calcs last mentioned,' and its respect of them, supposes the'possibility of the fa1 her and mother being alive to take ; and also had in view the case of an estate acquired by deseen' — -in respect of which; not that supposed possibility, but only the general words directing the descent to the parent living are applicable. The answer is, that Eush a position involves this dilemma : either the words of the third clause, keeping the estate in the fathti’s family, in all events goes further than the spirit of the clause Wai santa, which Was only to keep in the fathers family, estates at quired by gift, devise or deset nt from a stranger; and then the generality of the words should be restrained to such estates only; or these words do not at tdi contemplate esta tos dc seending from parents; and then such estates are out of this clause, it may be said, the words
 
 otherwise acquired,
 
 as used in the sevtnte clause of the fos mer act, do extend to an estate curving from a purert by descent; and such estates aot being within the amending clause; must be governed by that seventh clause. Such mode of considering the subject will avoid the mischief of carrying the mo-thei’s estate Ímo she father’s family, and of rosiErsdicting the ral; s established in the foregoing part of tie act: but then U wiii lead us to as great an absui dity on the oilier side ; for by’ the seventh clause oí the former act, ‘«he «state there spoken oí as falling under the weeds
 
 otfiem”**
 
 acquired, is to go to the father if lit ing, and his heirs ; and íí dead, to the mo>ber and her heirs. Then suppose that lands have descended to a son fiom, the father, and the son che inténtate and without childrt n, and trithout brothers and sisters, the mndier and her heirs will succeed t,o the estate descended frost; the fadu-v ; although the thud and fourth clauses of the former
 
 act
 
 expressly wry 3i,ud
 
 *121
 
 «sítate to the uncles and aunts on the father’s side ; if not exclusion, at least jointly with uncles and aunts on the mother's side. It is impossible to avoid absurdity and contradiction if we cup-pose the words
 
 otherwise acquired
 
 to be intended of an estate acquired by descent from a parent; but if we suppose them to mean an estate acquired by gift, descent or devise from a stranger, then there is no injustice in preferring the lather’s family. The mother’s estate is not carried into his family : uncles and aunts on her side are excluded from a share of the estate descended from her. The third and fourth clauses introducing such uncirá and aunts into the succession where the child dies without children and without brothers and sisters, is not superseded! the father and mother both stand an equal cháncelo succeed according to the words of the act: the estate- descending from the father is not carried into the molhei’s family, in exclusion of the uncles and aunts on the father’s side ; for such estates by gift, descent or devise from a stranger, may descend without any such absurdity or contradiction ; and we satisfy the words of the preamble to the fourth clause, stating the old rule was often iniquitous ; and steer clear of the iniquitous and unjust consequence of excluding the mother’s relations from sharing in the estate descended from her, and of excluding the fathers relations from the estate descending from him: and therefore I am of opinion that the genuine meaning of the words
 
 otherwise
 
 acquired, as used in the seventh clause, is attained by understanding those words to comprehend an estate required fey gift or devise from a stranger, and not by descent from a parent. And as the estate in the case now before us, did actually descend on the part of the father, that therefore the present is not such a case as entitles the mother to succeed within the meaning of the before mentioned clauses, and consequently that the estate descended on the death of the son to his paternal aunt of the half blood on the mother’s side.
 

 Judgment for the defendant; but at the request of the plaintiff’s counsel, it was sent to the Court of Conference for their consideration.